UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: HYMAN COMPANIES, INC., | : | Case No. 09-20523REF |
| Debtor-in-Possession | : | Chapter 11 |
| | : | |
| HYMAN COMPANIES, INC., | : | Adversary No. 11-2037 |
| Plaintiff | : | |
| v. | : | |
| FOUR WINDS CASINO RESORT and | : | |
| POKAGON GAMING AUTHORITY | : | |
| Defendants | : | |

# STATEMENT SUPPORTING ORDER DATED JULY 1, 2011, GRANTING DEFENDANTS' MOTION TO DISMISS

Debtor's business is selling high-end costume jewelry and other merchandise from shopping center, mall, and hotel stores and kiosks throughout the country. This matter arose from Debtor's lease of space for the sale of its products with Four Winds Casino Resort, Inc., and Pokagon Gaming Authority (together, "Four Winds"), who own and operate a casino located in New Buffalo, Michigan. The lease between Debtor and Four Winds was executed some time in May 2007. The first issue I faced between these parties revolved about Debtor's

pre-bankruptcy assignment of its lease to an affiliated company, Landau Casinos, Inc. ("Landau"), as part of some non-bankruptcy related corporate reorganization.

In my Statement and Order dated January 13, 2010, I considered the testimony and exhibits presented in a hearing on the dispute. The issue was clear and relatively easy to decide. I found in favor of Landau and Debtor in all regards. I found no support for Four Lakes' position whatsoever. My final decision was that either the automatic stay of Section 362(a) should be extended or an injunction pursuant to Section 105(a) should be applicable to Landau, prohibiting Four Winds from proceeding with any steps to terminate the lease at that time.

The parties are back before me. Debtor has sued Four Winds for attorneys' fees based solely upon the language of Paragraph 24 of the lease that was the subject of my January 13, 2010 decision. Four Winds denies the right of Debtor or Landau to recover attorneys' fees pursuant to the lease and has demanded that Debtor/Landau determine this dispute through the arbitration clause in Paragraph 36.B. of the lease. Four Winds has moved to dismiss the above adversary proceeding because the matter must be determined solely through the arbitration provisions of the lease. Reluctantly, I agree.

I find and conclude as follows:

2

1. Four Winds was unequivocally the unsuccessful party and Debtor and Landau were unequivocally the successful parties in the dispute for which Debtor/Landau now seeks attorneys' fees.

2. The prior dispute is not an extraordinary action as Four Winds claims in its brief filed on June 30, 2011, but was based entirely on the right and ability of Debtor, under the express terms of its lease with Four Winds, to assign the lease to Landau.

3. Debtor's request that I deny the motion to dismiss relies in many respects on my determination of what the lease (particularly Paragraph 24) says and means.

4. Debtor's argument that this is clearly a statutory effort to recover property of the estate is incorrect. At the base, this is a matter of interpretation of the lease pursuant to the laws of the Pokagon Band of the Potawatomi Indians, not pursuant to federal law.

5. Debtor's argument that the lease is clear and unequivocal in its language and Four Winds is mistaken at best or acting in bad faith at worst may be

correct, but Debtor is asking me to interpret what the lease says and means, which I cannot do.

6. Debtor's argument that no state court causes of action are involved is incorrect – its claims for attorneys' fees is based on a private contract governed by tribal law.

7. Debtor's argument that it is pursuing, purely and simply, collection of property of the estate is incorrect because the determination that the attorneys' fees constitute property of the estate rests upon interpretation of the lease under tribal law.

8. Debtor's argument that it has an absolute right to attorneys' fees under the terms of Paragraph 24 may or may not be correct, but I cannot get to that decision without ignoring the arbitration provision in the lease.

9. The Third Circuit Court has ruled that federal courts are unflinchingly obliged to honor appropriately drafted arbitration clauses in contracts between the parties. Mintze v. American Gen. Fin. Serv., Inc., 434 F.3d 222 (3d Cir. 2006).

10. Debtor's argument that Mintze does not apply because the dispute is over and Four Winds only obligation is to pay attorneys' fees is also incorrect because it puts the rabbit in the hat. However connivingly engineered Four Winds' efforts to deny the plain meaning of Paragraph 24 might be, it has created a dispute over the issue.

11. The dispute may be fomented solely by Four Winds, but that does not change its nature from being a dispute.

12. Debtor argues that Four Winds' effort to enforce the arbitration provision is in bad faith; I disagree. Four Winds may by denying the demand for attorneys' fees in bad faith, but in requiring arbitration, Four Winds is exercising a clear right it has under the lease, which was negotiated by a sophisticated party on behalf of Debtor and Landau.

13. The plain and ordinary meaning of the arbitration provision allows Four Winds to take the actions it is taking here.

14. Four Winds' submission to this Court's jurisdiction may or may not be a waiver of its sovereign immunity. Any such waiver, however, has

nothing to do with enforcement and recognition of the arbitration clause.

15. At argument during the hearing on June 8, 2011, on this matter, I made many other remarks and observations about the relative merits at play here and I adopt those conclusions to the extent I have not addressed them above.

For all of the reasons set forth above, including the findings of fact and the conclusions of law, I will enter an Order granting the Defendants' motion to dismiss.

DATE: July 1, 2011

BY THE COURT

_____
RICHARD E. FEHLING
U.S. BANKRUPTCY JUDGE